UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:15-CV-960-CEJ |
| J L BROWN CONTRACTING SERVICE, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following an entry of default against defendant J L Brown Contracting Service, Inc. Service was achieved on defendant on June 30, 2015. Under Rule 12(a)(1)(A)(i), Fed. R. Civ. P., defendant was required to file an answer or other responsive pleading within twenty-one days of being served with the complaint. Because defendant failed to do so, the Clerk of Court entered default against it on August 17, 2015.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42 and 110 of the Laborers International Union of North America (the Union). Defendant J L Brown Contracting Service, Inc. is an employer in an industry affecting

commerce within the meaning of the LMRA and ERISA. According to plaintiffs, defendant failed to make timely and full contributions to the plans as required under the terms of two collective bargaining agreements. Plaintiffs move for an order to compel a payroll examination for the period of March 1, 2014, to the present.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of defendant's books and records for the period from March 1, 2014, through the present. The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. #6] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **November 6, 2015**, defendant J L Brown Contracting Service, Inc., shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of J L Brown Contracting Service, Inc., for the period beginning March 1, 2014, through the present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant at the following address:

J L Brown Contracting Service, Inc.
5151 North Hanley Road
St. Louis, MO 63134


                                                  _____
                                                  CAROL E. JACKSON
                                                  UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2015.