UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )  Case No. 4:15-CV-960-CEJ ) |
| J L BROWN CONTRACTING SERVICE, INC., | ) ) ) |
| Defendant. | ) ) |

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to hold defendant J L Brown Contracting Service, Inc. and its alleged principal officer, Jimmie Brown, in civil contempt for failure to comply with the order compelling defendant to submit to an accounting by production of records. Neither defendant nor Brown has responded to the motion, and the time permitted for doing so has expired.

### I. Background

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42 and 110 of the Laborers International Union of North America. Defendant is an employer in an industry affecting commerce within the meaning of the LMRA and

ERISA. Plaintiffs allege that defendant failed to make timely and full contributions to the plans as required under the terms of two collective bargaining agreements.

## II. Procedural History

Plaintiffs filed the instant case on June 18, 2015. Service was achieved on defendant on June 30, 2015. Because defendant failed to timely answer, the Clerk of Court entered default against it on August 17, 2015. Plaintiffs moved for an order to compel an accounting, to determine the amount of their damages. On October 6, 2015, the Court granted the motion. *See* Fed. R. Civ. P. 55(b)(2)(A). Defendant was ordered to produce for inspection by plaintiffs within thirty days all books, ledgers, payroll records, cash disbursement ledgers, bank statements, and other documents reflecting or pertaining to all hours worked by and wages paid to its employees for the period beginning March 1, 2014, through October 6, 2015.

On January 11, 2016, having received no update on the status of the accounting, the Court ordered plaintiffs to file a motion for default judgment. However, on January 13, 2016, plaintiffs informed the Court that defendant had filed a voluntary petition for bankruptcy on October 13, 2015, and that the petition was still under consideration. Consequently, on January 14, 2016, the Court vacated the order to file a motion for default judgment and, pursuant to the automatic stay provision of 11 U.S.C. § 362(a)(1), stayed this action pending completion of the bankruptcy case.

On July 12, 2016, plaintiffs filed the instant motion. Among other things, they averred that defendant's bankruptcy action was dismissed on May 24, 2016. After confirming the dismissal, the Court lifted the stay on July 13, 2016. Following dissolution of the stay, defendant was required to respond to the motion for

contempt. As mentioned, it did not respond. On August 16, 2016, the Court ordered the defendant to show cause why it should not be held in contempt for failing to comply with the Court's October 6, 2015, order to compel an accounting. The defendants did not respond to the Court's show cause order by the August 31, 2016, deadline.

### III. Discussion

First, termination of the stay renews defendant's obligation to respond to the entry of default and to produce its records. Its continued noncompliance means it is again appropriate to order plaintiffs to file a motion for default judgment. *See* Fed. R. Civ. P. 55; *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Second, several considerations bear on whether to hold defendant in contempt for noncompliance with the order to produce its records. "Federal courts possess certain inherent powers, including the power to punish for contempts, which reaches both conduct before the court and that beyond the court's confines." *Isaacson v. Manty*, 721 F.3d 533, 538–39 (8th Cir. 2013) (quotation marks and citation omitted). A court thus has the inherent power to sanction litigants for noncompliance with its orders. *Id.*; *see* E.D. Mo. L.R. 12.02. A district court is "give[n] substantial deference" to decide "whether sanctions are warranted because of its familiarity with the case and counsel involved." *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006) (citation omitted).

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citation

omitted). Defendant had thirty days following issuance of the October 6, 2015, order to produce the required records. After six days passed with no response, on the seventh day, October 13, defendant filed for bankruptcy, staying operation of that order. Twenty-four days thus remained for defendant to comply with the order. Pursuant to the order, the stay expired automatically on May 24, 2016, when defendant's bankruptcy action was dismissed, which the Court reiterated on July 13, 2016. Defendant was therefore required to comply no later than August 4, 2016. That deadline passed, and defendant still has not complied and produced its records to plaintiffs.

Clear and convincing evidence thus shows that defendant has failed to comply. Where a party has not complied with a court order, "the burden" shifts to the recalcitrant individual "to show an inability to comply." *Id.* Defendant was afforded ample opportunity to explain why it cannot comply with the order, but it has not done so. Therefore, the Court finds it is appropriate to hold defendant in civil contempt of court for its failure to comply with the order to produce its records.

Several additional factors bear on what sanction to impose for that contempt. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Id.* (citation omitted). "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). "Where a fine is not compensatory, it is civil . . . if the contemnor is afforded an opportunity to purge,"

such as a "per diem fine imposed for each day a contemnor fails to comply with an affirmative court order." *Id.* at 829 (citation omitted); *see Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 632 (1988) (holding that a fine "payable to the court is . . . remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order"). A court also may require a contemnor to bear a movant's attorneys' fees and costs incurred to bring a motion for contempt. *See Jake's, Ltd., Inc. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (holding courts have the "inherent power to assess attorney's fees" where appropriate); E.D. Mo. L.R. 12.02. Finally, a "court in dealing with contempt must exercise the least possible power adequate to the end proposed." *Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970) (quotation marks and citation omitted).

Defendant was given notice that plaintiffs sought to hold it in civil contempt. It was afforded the opportunity to respond why it should not be sanctioned for its noncompliance. It did not avail itself of that opportunity. Sanctions are thus necessary and appropriate in this case.

Further, the Court finds that the least possible power adequate to coerce defendant finally to comply is a per diem fine imposed for each additional day it fails to comply. The Court also finds the minimum fine necessary to coerce defendant to comply is $200.00 per day for each additional day of noncompliance. *See Iron Workers St. Louis Dist. Council Annuity Tr. v. Miller Bldg. Grp., LLC*, No. 4:14-CV-1298-JAR, 2015 WL 1442801, at *2 (E.D. Mo. Mar. 27, 2015) (finding a civil contempt fine of $200.00 per day for noncompliance with a court's order was necessary to secure the contemnor's compliance); *Painters Dist. Council No. 2 v.*

*Paragon Painting of Mo., LLC*, No. 4:08-CV-1501-ERW, 2011 WL 3891870, at *1 (E.D. Mo. Sept. 1, 2011) (same). However, the effective date of the civil contempt sanction on defendant will be delayed for a short period of time following entry of this order so as to allow defendant one last opportunity to comply before incurring fines. The Court additionally finds it is appropriate to require defendant to pay plaintiffs' attorneys' fees and costs incurred bringing the motion for contempt. *See Jake's*, 356 F.3d at 900.

Third, as to Brown, "[i]t is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chi. Truck Drivers*, 207 F.3d at 507. A "nonparty may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order." *Id.* (quotation marks and citation omitted). Consequently, a court's orders with respect to a corporation are "binding upon . . . corporate officer[s] and agent[s] of the" corporation, and such officers and agents "may be subject to a contempt finding" for the corporation's violation. *Id.*

Here, however, Brown is not a defendant in this lawsuit. He also was not identified in, and thus was not required personally to comply with, the order compelling defendant to produce its records. Nor have plaintiffs introduced any evidence demonstrating that Brown is defendant's principal. Plaintiffs additionally have not shown that Brown has control over defendant's activities, or that he is personally responsible for defendant's noncompliance with the order. Therefore, no basis exists to sanction Brown for defendant's failure to comply.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for civil contempt [Doc. #18] is **granted** as to defendant J L Brown Contracting Service, Inc. for failure to comply with the October 6, 2015, order directing it to produce its records for inspection by plaintiffs. The motion is **denied** as to non-party Jimmie Brown.

**IT IS FURTHER ORDERED** that defendant J L Brown Contracting Service, Inc. is held in contempt of the authority of this Court for its failure to comply with the October 6, 2015, order.

**IT IS FURTHER ORDERED that defendant J L Brown Contracting Service, Inc. shall pay to the Clerk of Court a fine in the amount of Two Hundred Dollars (US $200.00) per day, beginning on October 3, 2016, and continuing thereafter until defendant satisfies the Court in writing that it is no longer in contempt.**

**IT IS FURTHER ORDERED** that plaintiffs shall promptly inform the Court in writing of defendant's compliance with the order of October 6, 2015.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **October 3, 2016**, in which to file a verified statement of attorneys' fees and costs incurred bringing the motion for contempt.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant at the following address:

> J L Brown Contracting Service, Inc.
> 5141 North Hanley Road
> St. Louis, MO 63134

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2016.