UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:15-CV-00960-CEJ |
| J L BROWN CONTRACTING SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for attorney's fees incurred in bringing a motion for contempt. Defendant failed to comply with the Court's October 6, 2015, order directing it to produce an accounting for inspection by the plaintiffs. Accordingly, the Court granted plaintiffs' motion for civil contempt, and ordered the plaintiffs to file the instant verified statement of attorney's fees and costs incurred in bringing that motion.

"Federal courts possess certain inherent powers, including the power to punish for contempts, which reaches both conduct before the court and that beyond the court's confines." *Isaacson v. Manty*, 721 F.3d 533, 538–39 (8th Cir. 2013) (quotation marks and citation omitted). "A court's inherent power includes the discretionary 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (citation omitted). A district court is "give[n] substantial deference" to decide "whether sanctions are warranted because of its familiarity with the case and counsel involved." *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006) (citation

omitted). "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citation omitted). A court may require a contemnor to bear a movant's attorney's fees and costs incurred to bring a motion for contempt. *See Jake's, Ltd., Inc. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); E.D. Mo. L.R. 12.02.

Plaintiffs submit the affidavit of attorney Nathan K. Gilbert, who states that his firm's standard hourly billing rate is $180.00 for attorneys' services of the type performed here. Mr. Gilbert worked a total of 2.3 hours preparing the motion for contempt and other related documents. He also states that his firm's standard hourly billing rate for paralegal and legal assistant services is $100.00. Ms. Jamie C. Buckley, a legal assistant, worked a total of 0.5 hours preparing the motion for contempt. In total, $464.00 in legal services was incurred in drafting, reviewing, revising, and filing the contempt motion. The Court finds that the hourly rate and hours expended are reasonable. Therefore, defendant will be ordered to pay plaintiffs $464.00 as attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for attorney's fees [Doc. #25] is **granted**.

**IT IS FURTHER ORDERED** that defendant J L Brown Contracting Service, Inc. shall pay to plaintiffs $464.00 for attorney's fees.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2016.