UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:15-CV-00960-CEJ<br>) |
| J L BROWN CONTRACTING SERVICE, INC., | )<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' second motion to compel post-judgment discovery pursuant to Fed. R. Civ. P. 37 and 69(a)(2). Defendant has not responded, and the time allowed for doing so has expired.

Plaintiffs filed this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132. On August 17, 2015, the Clerk of Court entered default against defendant for failure to file an answer or other responsive pleading pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i). Then, on October 6, 2015, the Court granted plaintiffs' motion for an order to compel an accounting under Federal Rule of Civil Procedure 55(b)(2)(A).[1] Defendant did not comply with the order, and on September 20, 2016, the Court granted plaintiffs' motion for civil contempt. The Court also granted plaintiffs' motion for attorneys' fees incurred in bringing the

---

[1] The Court noted that "[i]n the present case, plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of defendant's books and records for the period from March 1, 2014, through the present." [Doc. #13 at 2].

contempt motion.

Plaintiffs cite to Rule 69(a)(2), which governs post-judgment discovery, as a basis for its motion. However, this rule does not apply as no judgment has been entered in this case. Instead, Rule 37(a), which is also cited by the defendants, is the proper basis for their request for an order compelling attendance at a deposition. Plaintiffs' motion to compel and its attendant exhibits, including the affidavit of plaintiffs' attorney, the notice of deposition [Doc. #30-2], and proof of service, demonstrate that plaintiffs sent notice of a deposition and a simultaneous production of documents. That deposition was scheduled to take place on November 29, 2016, at 10:00 a.m., at the offices of plaintiffs' counsel. Defendant's representative did not appear or produce the requested documents. *Id.* Because plaintiffs have met their burden under Federal Rule of Civil Procedure 37(a)(1),

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery [Doc. #30] is **granted**.

**IT IS FURTHER ORDERED** that defendant's representative, Jimmie Brown, shall appear at a deposition scheduled on **March 9, 2017, at 10:00 a.m.** at the office of plaintiffs' counsel, and shall produce the documents requested in plaintiffs' notice of deposition [Doc. #30-2].

**The defendant and Jimmie Brown are advised that failure to comply with this Order may result in the imposition of monetary or other sanctions as authorized by the Federal Rules of Civil Procedure and may be treated as contempt of court.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant J L Brown Contracting Service, Inc., and defendant's

2

representative Mr. Jimmie Brown at the following addresses:

>J L Brown Contracting Service, Inc.
>5141 North Hanley Road
>St. Louis, MO 63134
>
>Mr. Jimmie Brown
>JL Brown Contracting Service, Inc.
>4624 Behlman Estates Ln.
>Florissant, MO 63034

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2017.